pBROWN, Judge,
concurring.
The sole issue before the district court was a motion to revoke the appointment of one of decedent’s natural daughters as succession administratrix. Decedent’s widow was the movant and bore the burden of proof. Mover presented only the testimony of the natural daughter who had been appointed administratrix. Her testimony was short and without depth; however, it was sufficient to cause her status as an heir to be questionable. I concur that an action to prove filiation under La.C.C. Art. 209, by either daughter, would be untimely. Under the circumstances, I agree that the removal of the natural daughter as the administratrix was appropriate.
If, however, the majority opinion is stating that decedent’s two natural children are now precluded from proving legitimation under La.C.C. Art. 208, then I must disagree. Baptism or birth records are contemplated by Art. 203. It does not logically follow that these records do not exist because one daughter testified that she did not possess such documents. These issues were not explored at this hearing and if such proof exists, then the natural children should be allowed to present it.
Before MARVIN, C.J., and SEXTON, HIGHTOWER, BROWN and STEWART, JJ.